ISAAC COOK

*v.*

JOSHUA L. MARSH.

1. SURETIES — *obligation of, in a supersedeas bond.* The obligation of a surety upon a supersedeas bond, is limited to the prosecution of the writ of error with effect, and his undertaking is, that if the writ is not so prosecuted he *will pay* all resulting damages.

2. SAME. In an action of debt upon a supersedeas bond, the declaration assigned as breaches of the condition, that the writ of error had not been prosecuted with effect, but that the decree had been affirmed; and that the property mentioned in it had deteriorated in value since its rendition. The defendant filed a demurrer, which the court overruled, and gave judgment for the amount of the penalty in the bond, and nominal damages *only*, refusing to hear any evidence in support of the breaches assigned of deterioration of the property. *Held*, that it was error for the court, after having adjudged the declaration good on demurrer, to reject evidence offered to show the deterioration of the property; that the overruling of the demurrer was a recognition of the claim.

3. SAME — *extent of deterioration — the measure of damages.* The extent of the deterioration of the property would constitute the damages, which the plaintiff would be entitled to recover.

4. SAME — *rents from realty — when will not be allowed.* And in such case, a claim by the plaintiff for the rents received by the defendant from the real estate, after the rendition of the decree, will not be allowed, plaintiff having no right, by the decree nor under the law, to its possession or the rents thereof.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. W. T. BURGESS, for the appellant.

Mr. E. A. STORRS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This was an action of debt brought in the Cook Circuit Court, by Isaac Cook against Joshua A. Marsh, on a supersedeas bond, in the penalty of $1,500.

The breaches assigned were, that the writ of error was not prosecuted with effect, but, on the contrary, the decree was, by the Supreme Court, affirmed; that the personal property mentioned in the decree, after the rendition thereof, became deteriorated in value to the amount of $1,500; that the real estate, after the rendition of the decree, and before its affirmance, deteriorated in value $1,500; that the then plaintiff in error, being in possession of the real estate, received $500 for rents after the decree was rendered, and upon its affirmance suffered the same to be sold for taxes levied on the premises to the amount of $200, etc.

A demurrer was interposed to the declaration, which was overruled, and, defendant abiding by his demurrer, a default was entered for want of a plea, and final judgment entered for $1,500, the penalty of the bond, to be discharged by the payment of six cents damages, assessed by the court. Exception was taken to the decision of the court, and the cause brought here by appeal.

It appears from the bill of exceptions that at the time of the assessment of damages by the court for breaches of the condition of the bond assigned in the declaration, the plaintiff having read in evidence the bond, the decree of court and order of affirmance, as set out in the declaration, offered, and was proceeding to call other evidence, under such assignment, to testify before the court; whereupon the court being of the opinion that the only breach of the condition of the bond that was well and legally assigned in the declaration was, that the writ of error had not been prosecuted with effect, and that under that assign-

ment the plaintiff was entitled to nothing more than nominal damages, and the defendant objecting to hearing such testimony, the court refused to hear it, and refused to assess any damages by reason of any such breaches, other than the one above, and upon that, to assess no more than nominal damages. To this the plaintiff excepted.

It was certainly right to hold that the responsibility of the defendant was limited to the prosecution of the writ of error, with effect, for that is the extent of his obligation; but he was liable to the plaintiff to respond to him in damages, for all the injury sustained by him, by reason of not prosecuting the writ of error with effect. The surety did not undertake to pay the amount of the decree, but he did undertake, virtually, if the writ was not prosecuted with effect he would pay all the resulting damages.

The declaration, with the breaches assigned, of this deterioration of the property, had been adjudged good on demurrer; it followed, therefore, it was competent to offer evidence to sustain the breaches, and in rejecting such evidence the court erred. We hold the court should have received evidence of this deterioration, and the extent of it would be the damages to which the plaintiff was entitled and ought to have recovered.

Had no supersedeas been obtained the plaintiff here would have had the right, under the decree, to have the dredging machines delivered to the master in chancery, within five days after the decree was entered, in the same condition they were in at the time of the decree, and the master was required to sell them and the real estate, which he would have done had not the supersedeas intervened. The proceeds of this property, when sold, would go to the plaintiff here, and if either suffered deterioration, by reason of the delay caused by the supersedeas, the defendant is bound to make it good.

These are claimed in the declaration, and the claim recognized by the court in overruling the demurrer.

The judgment of the Circuit Court is reversed and the cause remanded with directions to that court to hear evidence on the question of deterioration of the property, both real and per-

sonal. The claim for rent of the real estate cannot be allowed, inasmuch as the plaintiff here had no right, by the decree or under the law, to its possession or to the rents. There is no claim made by the plaintiff for the value of the use of the personal property.

*Judgment reversed.*